United States v. Verdeza Mr. Corregaleo Good morning. May it please the court. Counsel. Even in a light most favorable to the verdict drawing all reasonable inferences and making all credibility choices in favor of the verdict, a rational finder of fact could not have found that the government proved all of the essential elements beyond a reasonable doubt for counts 2, 5, and 7. My client was acquitted of the conspiracy account and acquitted of four of the seven substantive health care counts. And there is no evidence that my client aided and abetted the biller in submitting these false health care claims. It seemed like to me he was essential. He was an essential part of the scheme. He was referred to as the doctor at the clinic, wasn't he? He was referred to as the doctor of the clinic, but keep in mind what they were saying his role was in both opening and closing. The government argued basically that the bills were submitted for these services before the patient even saw my client Mr. Verdeza and that Verdeza backdated the form. So that was their theory. But he signed forms for patients that for follow-up visits that never occurred. Not for the counts that the specific counts he was charged with. Going to just going one by one, if we start with count 7, I believe count 7 is the easiest count for this court to find that there was insufficient evidence. So count 7 was patient SB and it was for a follow-up visit 99213 was the code and it was for a follow-up visit on or about April 23, 2018. So his role here according to the government's theory would be he went in after the fact and backdated this patient file in the event of an audit, they would be able to see that the service was provided so they pay the bill. Keep in mind that the government's expert Elizabeth Martin testified that the reason for that and the importance of Verdeza's role would be if it is not charted, it is not done and it won't be paid. So keeping that in mind, the government didn't introduce any file for Sandra or SB. So there is no evidence that Mr. Verdeza ever backdated any forms for patient SB. So there's absolutely no evidence of that. The only evidence we have with respect to SB is that SB was told to lie to Mr. Verdeza and say she had back pain. Well, don't you also have in that case, she had an initial examination with Verdeza. She testifies that it lasted five minutes, although she told them she had back pain. Verdeza did not physically examine her, if I have the facts right. She returned to the clinic just once for physical therapy in which she, quote, just stood by the physical therapist. He asked her two questions and that's it. Nevertheless, the claim submitted for her totaled $42,250, including 31 physical therapy sessions. I think that's the essence of what they had. Is that sufficient? And if the answer is no, tell me why not? Because the specific, remember, he was acquitted of the conspiracy. The specific charge relating to count seven is for the follow-up visit on April 23rd, 2018. So there's no evidence in the file that Mr. Verdeza ever went in and backdated a follow-up visit that never occurred. That's the essence of the fraud. They're saying that this file, with respect to count seven, that this follow-up visit on April 23rd, 2018 never occurred. And Mr. Verdeza's role was to backdate this patient chart to so if it was ever audited, it would be paid. But there's no evidence of that because they never, the government never admitted any patient file in for SB. Why isn't it enough for the jury to have believed the testimony of the witnesses who said that he regularly did these follow-up, you know, these fake follow-up visits and then he did that so another, you know, other things could be billed? Why isn't that enough? Why couldn't the jury have believed that? Why was it necessary for the jury to have the actual bill and it's into evidence? Well, because there was never any testimony with respect to this particular count either from Elizabeth Izquierdo from the, excuse me, from the biller or any of the people at the clinic. They never introduced any of these patient charts or files or went over these patients with the other people at the clinic. They just went over the patient visits with the patient. So there's no evidence that from any other witness that Mr. Verdaza actually participated in backdating bills for these particular patients and, you know, that's the essence of what they charged as an aider and a better and if you look at the other two counts he was convicted of, the evidence is is that these patients weren't billed retroactively like the was the gist of they charged in the conspiracy because basically the biller, Rafael Izquierdo, gave an example of how the billing went here. He basically gave an example that if he checked the patient's eligibility on November 15th then he'd go back 60 days and start retroactively billing, meaning that the patients were already that meaning that the bills were already submitted before the patients would even arrive at the clinic. That was the essence of the government's case but if you look at the actual facts especially with respect to count two and count five that's not what actually happened. In count two the patient specifically testified that she went to the clinic in March 16th 2017. That's the date of the form the initial visit that Mr. Verdaza did fill out. Not the one he was charged with but that's the one that he filled out so clearly this particular patient couldn't have been retroactively billed. Was this one this was EG? This was this was EG. Let me ask you a question about that. EG testified that Verdaza never conducted a physical examination. She said that she signed between 15 and 20 blank forms. Verdaza noted on her evaluation and tell me if I've got this wrong. Verdaza noted on her evaluation that she slipped and fell and walked with an unsteady gait. Verdaza noted that she testified that she never communicated. It was no diagnosis ever communicated to her. She never returned to physical therapy. What about this? Okay a few things. Number one there was no evidence that Mr. Verdaza was present when she was signing. No the the heart of my Okay so bear with me. Okay she said she didn't tell him that. Do I have that right or have I misapprehended? No you you have that right that did not walk with an unsteady gait. She wouldn't tell him that that may have been his option. How would he know that the cause of her malady was that she had slipped and fallen at home? No she never said that and yet he put that into the form. Isn't that at least by one light a clearly false statement that he made up out of whole cloth? Right that's what's in the record but I would say two things with respect to that. Keep in mind what Mr. Verdaza's role was according to the government. It was him to come in and backdate forms where these patients never came in for follow-up visits. If you look at count two the billing code is 99214 and it's for a follow-up visit on October 6, 2007. Who signed it? 17. Who signed it? There is no follow-up visit in the file that Verdaza falsified or backdated with respect to count two. So what your honor is talking about is would be if they submitted a health care bill for the initial consultation and there were material misrepresentations in there. All I'm asking is how would he have known to put in the chart that she had slipped and fallen at home when she said I never told him any such thing? Right. Presumably because in in his mind that's what she told them but that's not in the record but the point I'm making is is that would be a separate substantive offense. Right I'm simply asking whether the jury could infer from that colloquy that that testimony and what he wrote in the chart that what he was doing was false and fraudulent in nature and he well knew it. Couldn't a jury draw that inference at least with regard to EG's testimony and count two? No because once again at the end of the day the count two was for a follow-up visit not for that count two was they didn't chart they didn't charge count two as the initial consultation. They charged count two like they charged count five as a follow-up visit and in there there's no follow-up visit that Verdaza actually falsified or backed it. Okay Mr. Criglio you've saved five minutes for rebuttal we'll hear from Mr. Dion. Good morning your honors may it please the court Scott Dion on behalf of the United States with me at council table is Assistant United States Attorney Christopher Clark who tried the case. The government's case was about concealing the fraud and Verdaza did that in two ways. He first did that by meeting with patients for initial examinations with no medical purpose and he second did that by falsifying medical data to support the fraudulent billing. Verdaza knew knowingly and willfully did so and this court should affirm Verdaza's convictions. I want to start with first with the contention that there was no evidence that SB that there was no paper evidence supporting SB's follow-up appointment. There was plenty of circumstantial evidence of this and I'll just point to a few examples. The first is Ibelis Hernandez who testified that for every patient not just the patient's files that were recovered but for every patient they falsified medical data. The second is Rosario testified that that was Verdaza's role in the fraud to falsify the medical data to support the fraudulent billing and the third is that Izquierdo again described the entire fraud the same way. Verdaza met with patients once patients never returned or in one case returned once for a phony physical therapy treatment and then Verdaza and Ibelis Hernandez met almost weekly to falsify all the data to make sure it I mean falsify all the records to make sure that it matched the data. My understanding was with respect to SB, SB had testified that a Verdaza for an examination after and you'll go to this clinic and get some money, right? Correct, yes. All of the patients that came in and there were more than just SB, ZR. I mean she SB testified, right? Correct. And that SB testified also that she signed 40 blank forms, right? Correct. And then goes in to meet with Verdaza who says are you in pain and SB says yes in my back. That's it. It never comes back. Right and that's the act that underlies the entire fraud. Without that act, without Verdaza meeting with SB, without Verdaza meeting with NT, EG, ZR, MC, all the patients the bills would have never been submitted in the first place. That was the key part of the fraud. It was a facade. All the patients go in meet with Verdaza. He says okay you need physical therapy. They never return. There's no physical therapist even in the building and so from all that a reasonable juror could infer that Verdaza contributed to and furthered the fraud with respect to EG, NT, and SB. The three counts of conviction. If there's no questions from the panel, the government will rest on its grief and ask that you can affirm the convictions and sentence. Thank you. Thank you, Mr. Dionne. Mr. Griglio, you saved some time for rebuttal. Okay, once again the government is claiming like they did at their trial that all these patients were fraudulent and for you to believe that. It does look like there was testimony that support a verdict that at least with respect to EG, NT, and SB that were. No, because keep in mind that the overall what they were testifying to and clearly the jury rejected their testimony. They found they described the conspiracy in great detail. All of these witnesses and the jury rejected that and found Mr. Verdaza not guilty. Yeah, but you realize inconsistency a verdict is not something that you can use to support your argument. I agree, but think what their argument was. Once again, their argument was the patients were seen after the bill was submitted which is more of an accessory after the fact than but putting that aside for a second. At the end of the day, both EG and NT testified that that wasn't the case. NT testified that she came into the clinic a month before August 2017 which would have been the initial visit. Let me make sure I understand this though. There's no dispute is healthcare fraud occurring here, right? Correct. So the real question is whether your client was contributing to it or furthering it, right? Whether he was an aider and abetter or if the court believes that he was somehow involved in this whether he was an accessory after the fact which he wasn't charged with as opposed to an aider and abetter because keep in mind what they were saying and the government was arguing is that these patients weren't seen until after the bills were submitted and to me at the end and this was done to conceal the crime a classic violation of 18 U.S.C. 3 which Mr. Verdaza was not charged with. He was charged with 18 U.S.C. 2 as an aider and abetter. But when you look and when you closely scrutinize the actual substantive counts, once again, there was a follow-up visit for NT. Let me ask the question this way. How do you get around the jury having heard Juan Hernandez's testimony that she worked with Verdaza to falsify the patient evaluation forms so they would match the billing records and her testimony that she would tell Verdaza what diagnosis to fill in even though he was just sitting in an office somewhere not examining a patient and then Rosario testified that Hernandez and Izquierdo would dictate to summary of their testimony? That is but keep in mind that that's based on what the biller Izquierdo was saying that the bills were submitted before the patients even walked in and that's not what the patients came in and testified to specifically NT and SB. NT and SB say they were in the facility on the day of the initial visit. Not that Mr. Verdaza, you know, not that they seen Mr. Verdaza at a later date. Therefore, that testimony that you just quoted from is logically doesn't follow that they can come in and do this after the fact when the patients weren't retroactively billed which is basically what Izquierdo was claiming and what the government was arguing at trial and once again also NT is for a follow-up visit not the initial visit that occurred on October 6, 2017 and there's no follow-up visit that was in 2017. Basically, what the government's theory was didn't prove true with respect to EG and NT because there was no retroactive billing there and but if the court were to find that there was retroactive billing I think this is a situation where Mr. Verdaza was an accessory after the fact not an aider and abetter a crime that he wasn't charged with the crime and those two concepts are mutually exclusive. Thank you.